**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF CONNECTICUT**
**HARTFORD DIVISION**

IN RE:

| | |
|---|---|
| JOSHUA A. SULLIVAN and KATIE M. SULLIVAN | Case No. 22-20768-JJT |
| *Debtor* | Chapter 7 |

_____

KATIE M. SULLIVAN

      *Plaintiff*

v.                                  A.P. No. 26-02004

EDUCATIONAL CREDIT MANAGEMENT
CORPORATION

      *Defendant*

_____

...........................................................

**[PROPOSED]**
**ADVERSARY PROCEEDING PRETRIAL ORDER**

...........................................................

**AND NOW**, it is hereby **ORDERED** that:

1.      If not already filed, any party that is subject to Fed. R. Bankr. P. 7007.1 shall file the required disclosure on or before **July 23, 2026**.

2.      On or before **August 6, 2026**, the parties shall file a joint statement whether they consent to participate in the Court-annexed or an independent mediation program and transmit a copy of the joint statement to chambers. The joint statement should include up to three suggested mediators from the list of experienced mediators when the matter qualifies for the Court-annexed mediation. If the joint statement requests mediation but contains no suggested mediator(s), then the Court may select one suitable for the matter.

3.      On or before **August 6, 2026**, counsel shall have held and concluded the mandatory discovery conference pursuant to Fed. R. Civ. P. 26(f), incorporated into these proceedings by Fed. R. Bankr. P. 7026. During said conference, the parties shall discuss how to proceed with general discovery and electronic discovery and shall consider whether the discovery and pretrial schedule detailed below in this order is appropriate in this proceeding.

4.      On or before **August 20, 2026**, after the conclusion of the parties' discovery conference, should the parties propose a discovery or pretrial schedule that differs from the one below, they shall file with the Court a report on discovery, as mandated by Fed. R. Civ. P. 26(f). The parties shall detail those differences in their Rule 26(f) Report, along with the reasons therefor. The Court may, when appropriate, order a hearing based on the information found in the Rule 26(f) Report. If the parties are in agreement with the discovery schedule outlined herein, no report need be filed unless there are objections to the initial discovery disclosures.

5.      On or before **August 20, 2026**, after the conclusion of the Rule 26(f) conference, the parties shall provide the initial disclosures detailed in Fed. R. Civ. P. 26(a)(1). Any objections to the propriety of requiring the initial discovery disclosures required by Fed. R. Civ. P.26(a)(1), see Fed. R. Civ. P. 26(a)(1) (subparagraph following subparagraph (E)), shall be set forth in the parties' Rule 26(f) Report.

6.      The following discovery and trial schedule shall be considered by the parties in their deliberations at their discovery conference:

  a.      At this time, the parties do not currently expect to present expert witness testimony in this matter. Should either or both parties decide to present expert witness testimony, they shall immediately confer and present an agreed-upon proposed expert witness discovery schedule for the Court's consideration.

  b.      All fact discovery shall be completed on or before **October 15, 2026**.

  c.      All motions to amend the pleadings, or for summary judgment, shall be filed on or before **November 11, 2026**. If such a motion or motions is/are filed, the parties are **not relieved** of their obligation to comply with the terms of the balance of this Pretrial Order.

  d.      All discovery disclosures pursuant to Fed. R. Civ. P. 26(a)(3) shall be served on opposing parties and filed with the Court **November 25, 2026**.

  e.      Any objections to Rule 26(a)(3) disclosures shall be served on opposing counsel and filed with the Court **December 2, 2026**.

  f.      On or before **December 16, 2026**, the parties shall file a joint pretrial statement. The joint pretrial statement shall be signed by all counsel. It is the obligation of the Plaintiff's counsel to initiate the procedures for its preparation and to assemble and submit the proposed pretrial statement to the Court. Plaintiff's counsel shall submit a proposed joint pretrial statement to Defendant's counsel not less than seven days prior to the deadline for its submission. Counsel are expected to make a diligent effort to prepare a proposed pretrial statement that will summarize all of the material issues on which the parties are in agreement and all of those issues on which they disagree. The proposed pretrial statement shall govern the

conduct of the trial and shall supersede all prior pleadings in the case. Amendments will be allowed only in exceptional circumstances and to prevent manifest injustice.

7.    The joint pretrial statement shall be in the following form:

A.    ***Basis of jurisdiction***. (including a statement whether this matter is core or noncore). If the matter is noncore, the parties shall state whether they consent to the Court's entry of a final orders pursuant to 28 U.S.C. § 157(c)(2). If the matter is core, the parties shall state whether they consent to the Court's entry of final orders or judgment. If the parties disagree, they shall each cite to relevant authority to support their positions.

B.    ***Statement of uncontested facts***. Uncontested facts shall be set forth in plain, concise   and chronological fashion.

C.    ***Statement of facts which are in dispute***. No facts should be disputed unless opposing counsel expects to present contrary evidence on the point at trial, or genuinely challenges the fact on credibility or admissibility grounds.

D.    ***Damages or other relief***. A statement of damages claimed or relief sought. A party seeking damages shall list each item claimed under a separate descriptive heading, shall provide a detailed description of each item, and state the amount of damages claimed. A party seeking relief other than damages shall list the exact form of relief sought with precise designations of persons, parties, places, and things expected to be included in any order providing relief.

E.    ***Legal Issues***. The constitutional, statutory, regulatory, and decisional authorities relied upon shall be set forth in plain, concise, and chronological fashion.(Counsel should include a brief statement regarding which party has the burden of proof on each legal issue).

F.    ***Witnesses***. The Witness List should include a brief statement of the evidence the witness will give. Witnesses shall be classified between those whom any party expects to present and those whom any party may call if the need arises. If not already provided to all parties, the address and telephone number of each witness shall be disclosed.

G.    ***Exhibits***. The Exhibits to be offered into evidence shall be serially numbered and physically marked before trial in accordance with the schedule. Documents which a party MAY offer if the need arises shall be separately identified.

H.    *Motion(s) In Limine*. The parties shall identify any Motions *In Limine* that they believe need to be resolved prior to trial. The nature of the issue shall be described in sufficient detail to facilitate a discussion of the issue(s) at the final pretrial/settlement conference and to permit the Court to issue an appropriate scheduling order, if necessary, for the filing and resolution of such Motion(s).

I.    *Discovery Submissions*. The parties shall provide a list of each discovery item and trial deposition to be offered into evidence. (Counsel shall designate by page the portion of deposition testimony and by number the interrogatories that shall be offered in evidence at trial).

J.    *Estimated Trial Duration*: The parties shall each provide their best estimate of the time required to try each respective portion of the case.

K.    *Settlement*. The parties shall include a certification that they have attempted good faith settlement discussions without success.

L.    *Special Considerations*. The parties shall identify any special considerations which may impact the efficient administration of the case (i.e., witness availability, electronic presentations, disabilities or hardships).

8.    A mandatory final pretrial/settlement conference shall be held on (Date) at (time) in the United States Bankruptcy Court at the Abraham Ribicoff Federal Building, 450 Main Street, 7th Floor, Hartford, CT 06103.

9. If the adversary proceeding is not resolved prior to the conclusion of the final pretrial/settlement conference, the adversary proceeding shall be scheduled for trial at the Court's first available date.

10.    Each party may file, no later than seven (7) days prior to the date of trial, a trial memorandum with service on the opposing party(ies) and a courtesy copy delivered to Chambers.

11.    All trial exhibits shall be pre-marked and exchanged by counsel at least three (3) business days prior to the date of trial.

12.    The trial may be continued only in exceptional circumstances on Motion and leave of Court.

Dated at Hartford, Connecticut this _____ day of July, 2026.

4

*Presented by:*

**KATIE M. SULLIVAN**

By her Attorneys,

/s/ *Kenneth L. Neeley*
Kenneth L. Neeley (CT #32081)
Neely Law Firm, PLD
1120 S Dobson Rd, Suite 230
Chandler, AZ 85286
480 802 4647 t
480 907 1648 f
ecf@neeleylaw.com

**EDUCATIONAL CREDIT
MANAGEMENT CORP.**

By its Attorneys,

/s/ *Brian J. Lamoureux*
Brian J. Lamoureux (CT #29318)
CHACE RUTTENBERG & FREEDMAN, LLP
One Park Row
Suite 300
Providence, RI 02903
401 453 6400 t
401 453 6411 f
BJL@CRFLLP.COM

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF CONNECTICUT**
**HARTFORD DIVISION**

IN RE:

JOSHUA A. SULLIVAN and KATIE M.
SULLIVAN
   *Debtor*

_____

KATIE M. SULLIVAN

   *Plaintiff*

v.

EDUCATIONAL CREDIT MANAGEMENT
CORPORATION

   *Defendant*

_____

Case No. 22-20768-JJT
Chapter 7

A.P. No. 26-02004

**CERTIFICATE OF SERVICE**

On July 16, 2026, I caused a copy of this document to be electronically filed using the Court's electronic filing system.  Therefore, it is available for viewing by registered users who have signed up to receive notices in this case.

*/s/ Brian J. Lamoureux*

6